MARKLEY (GARRISON v.). See Case No. 5,256.

---

## Case No. 9,092.

### MARKOE v. COXE et al.

[5 Cranch, C. C. 537.] 1

Circuit Court, District of Columbia. March Term, 1839.

TRUST DEED—SALE BY TRUSTEE—INVESTIGATION OF TITLE—RENTS AND PROFITS—RESALE.

1. A purchaser at a trustee's sale for money payable by instalments with interest from the day of sale, and with leave to take immediate possession, is bound to pay interest from that day, although he should decline to take possession until some months thereafter, while investigating the title and waiting for the vendor to clear it; but is entitled to the rents and profits accruing during the same time.

2. If the purchaser pays the money into court under the order of the judge granting the injunction to stay a resale by the trustee, the interest ceases to run from the time of such payment.

Bill in equity to stay a resale of the property sold by the defendants [R. S. Coxe and others] to the plaintiff [Francis Markoe, Jr.] under a deed of trust from Timothy Caldwell, and to obtain a clear title.

This cause came before the court upon a motion to dissolve the injunction which had been granted by a judge of this court, upon condition of paying the purchase-money, and so much of the interest as the plaintiff admitted to be due, namely, from the day on which he took possession of the property, until the payment into court; which was done accordingly.

The facts upon the bill and answer of the defendant Coxe, appeared to be as follows: On the 8th of December, 1837, the defendants, as trustees under a deed of trust from Timothy Caldwell to secure a debt due to Mr. Joseph Walter, sold a house and lot in square 78, in the city of Washington, to the plaintiff, at public auction, for $4,075, one-fourth to be paid in cash and the residue in six, twelve, and eighteen months, on interest; and the purchaser to be entitled to immediate possession. That before the sale the plaintiff inquired of the defendants as to the title, and was informed by them that they could give no warranty as to title; but that as a friend

2 [From 6 Ins. Law J. 537.]
1 [Reported by Hon. William Cranch, Chief Judge.]

they had no hesitation in saying that they believed the title good, and that, with the exception of an incumbrance to Mr. Fischer of Philadelphia, they were not aware of any incumbrance, other than that under which this sale was made. That the debt due to Mrs. Fischer should be paid out of the purchase-money, and that the purchaser might pay it, and would be allowed credit therefor. The deed of trust from Caldwell to Mr. Coxe, was acknowledged in Philadelphia before Mr. Justice Baldwin of the supreme court of the United States, who was also ex officio a judge of the circuit court of the United States for the Eastern district of Pennsylvania; but there was no certificate of the clerk of that court, that he was such judge at the time of the execution and acknowledgment of the deed, as required by the act of congress of the 31st of May, 1832 (4 Stat. 520), "for quieting possessions, enrolling conveyances," &c., "within the District of Columbia." The deed had been duly enrolled within the six months allowed by law, and the six months had now expired. There was no written evidence of a request by Mr. Walker to Mr. Coxe to make the sale under the deed of trust, or to receive the purchase-money. Under these circumstances, Mr. Markoe declined to take possession, or intermeddle with the property until the 8th of August, 1838, when Mr. Coxe invited the plaintiff to take possession of the property, promising that it should not injure his rights; upon which the plaintiff took possession, supposing it to be understood that no back interest would be claimed. Mr. Coxe claimed interest upon the purchase-money from the day of sale. Some rent accrued in the meantime, a part of which had been expended in repairs, and the residue had been received by Mr. Caldwell. Mr. Coxe threatened to resell the property, unless the purchase-money and full interest should be paid up; and to prevent such resale, the injunction was granted.

CRANCH, Chief Judge. The defendant, Mr. Coxe, having answered the bill, has moved the court to dissolve the injunction, which restrains him from reselling the property for the default of the plaintiff in not paying the instalments due, and the interest thereon from the 8th of December, 1837, according to the terms of the sale. The plaintiff contends that, as he did not take possession of the property until the 8th of August, 1838, he is not bound to pay interest for any period before that day. The sale was made on the 8th day of December, 1837, and the purchaser was to be entitled to immediate possession. The plaintiff admits that he declined to take possession.

The plaintiff's counsel cited the cases of Blount v. Blount, 3 Atk. 636, and Fludyer v. Cocker, 12 Ves. 25, to show that interest is not payable upon purchase-money until the purchaser is in possession. But those cases were decided merely upon the general principles of equity. There had been no express promise to pay interest from the day of sale, as there was in the present case. If there had been, there can be no doubt that the chancellor would have decided according to the contract of the parties.

The plaintiff does not seek to be relieved from the contract, but contends that he has a right to be relieved from the interest while he was investigating the title, &c. I see nothing, in his own statement of his case, which can justify the court in rescinding the contract in part, and not in the whole; in permitting the plaintiff to avail himself of the benefit of the contract without taking upon himself the whole of its burdens. It was not the defendant's fault, that the plaintiff did not take possession of the property immediately after the sale.

I think the plaintiff must pay the interest from the 8th of December, 1837, the date of the sale, to the time of payment. But the plaintiff has a right to have the title cleared from the objections which have been made to the deed from the defendant Caldwell to the defendant Coxe, and from want of evidence that the sale was made at the request of the defendant Walter, and from the want of a release of Mrs. Fischer's mortgage, and therefore the injunction must be continued until those things are done; and the motion to dissolve it must be overruled.

MORSELL, Circuit Judge, concurred in overruling the motion to dissolve the injunction; but was of opinion that the plaintiff was not bound to pay interest until he took possession of the property.

THRUSTON, Circuit Judge, absent.

This cause came to final hearing at November term, 1839, when THE COURT (MORSELL, Circuit Judge, contra) was of opinion, and so decreed, that the plaintiff was liable for interest on the purchase-money from the day of sale, until it was brought into court, but not afterwards; and that the plaintiff was entitled to the rents and profits accruing between the day of sale and his taking possession, (deducting what was expended in repairs;) and his costs to be deducted from the purchase-money and interest. A trustee was appointed to convey to the plaintiff all the rights of all the other parties to the suit; and the injunction was made perpetual.